The next case for argument is 17-21-92 Stephen McCormick et al. v. Starion Financial May it please the Court and Counsel. My name is John Brachy, and I represent the appellants Stephen and Karen McCormick in this appeal. The procedural history of this matter is somewhat complicated. However, the essence of the posture is as follows. My clients, the McCormicks, file a Chapter 11 bankruptcy case in September of 2013. The appellee, Starion Financial, was one of their secured creditors. Starion sought to include as part of its secured claim in this case the attorney's fees and costs that it incurred during the course of the bankruptcy case. The McCormicks objected. The bankruptcy court allowed Starion's fee claim only in part. The McCormicks appealed to the Eighth Circuit Bankruptcy Appellate Court panel. The appellate panel affirmed the bankruptcy court's ruling, and the McCormicks perfected this appeal. The central issue in this appeal is one of law. The standard is de novo review. The question is, given the uncontested facts, can Starion claim a right to attorney's fees under 11 U.S.C. Section 506B? It is undisputed that Starion's collateral, under the consensual security agreement signed by the McCormicks and their businesses, had a value approximately $2 million less than the debt owed to Starion. However, prior to the debtors filing of their bankruptcy case, Starion obtained two money judgments against the debtors. When those judgments were docketed under North Dakota state law, they became liens in certain real property of the debtors. And when the value of the property subject to the judgment liens is added to the value of the consensual security held by Starion, Starion becomes an over-secured creditor. Now, under the language of 11 U.S.C. Section 506B, Starion can include its attorney's fees as part of its secured claim if the right to those fees is either provided for in the agreement or statute under which the allowed secured claim arose. Now, as far as statute, nobody disputes that North Dakota's judgment lien statute does not provide a right for the judgment creditor to recover attorney's fees. And with respect to Starion's argument that there is an agreement in place, again, it is uncontested that its over-secured status arises only by right of its judgment lien. And every court addressing the matter... You want to jump to the what made them over-secured. Why isn't the proper agreement to look at the initial loan agreement where they did agree to pay attorney's fees? That is exactly Starion's argument. Starion is asking this court to say, don't concern yourself with the documentation or the statute that creates your secured position. Concern yourself only with the documents that create the debt. And that's why Starion, in its brief to this court, cites 12 separate loan documents that all provide for recovery of attorney's fees. But when you look at the language of 11 U.S.C. Section 506B, it doesn't talk about the agreement or statute that creates the debt. It talks about the agreements or statute that create the secured status of the debt. And let me give you a hypothetical. Let's assume in this case we were confronted with a situation where Starion's debt instruments, its promissory notes, allowed for recovery of attorney's fees. But its security documents made only principal and interest collateralized did not extend to attorney's fees. If that was the situation, no one would argue that under 11 U.S.C. Section 506B, the agreements creating Starion's secured claim did not allow it a right to recover attorney's fees. Or let's take the hypothetical one step further. Let's assume, as in this case, we have a series of loans, but we have separate collateral. And on some of those loans, both the debt and security documents allow recovery of attorney's fees. But on other of those loans, the debt and security documents do not allow recovery of attorney's fees. Again, I suggest that no one would dispute under that hypothetical that unless Starion's collateral under the loans that provided for recovery of attorney's fees had a value greater than the debt claimed by Starion on the totality of its loans, Starion would not be an over-secured creditor under 11 U.S.C. Section 506B. When you look at the proof of claim and the insurance, it does reference the guarantees of the McCormick's, which then transformed into the confession of judgment that then landed into the judgment lien. Does that bring those in? And if not, why not? I look at the guarantee as a separate contract, apart from the promissory note. That's an instrument of debt. And so the guarantee are a debt instrument that provides for recovery of attorney's fees. But there's no security provided in the guarantees, so that's where we run afoul of the language of 506B. But let's take it further. The guarantees morph into the confessions of judgment. The confessions of judgment then result in the judgments. There's nothing in the judgments that provide for recovery of attorney's fees. Now, Starion could have negotiated that had they chosen, but they did not. And we all know that under the rule of merger, once judgment is entered, everything behind that judgment merges into the judgment. And so everything in the guarantees, the confessions, et cetera, merged into the judgment. Again, Starion could have negotiated a right to attorney's fees as part of the judgment. It chose not to. But even more fundamental is the problem that the judgment doesn't include attorney's fees, but the judgment, again, does not create secured status. It's only by virtue of docketing that judgment, by virtue of the statute that creates a lien in the debtor's real property when that judgment is docketed, that all of a sudden Starion acquires secured status. And there's nothing in the North Dakota judgment lien statute that gives the judgment creditor the right to recover its attorney's fees. In this case, we don't have a situation fundamentally different than the hypotheticals I gave this court. Again, we essentially have two separate groups of debt instruments. The one secured by consensual mortgages allows recovery of attorney's fees. But everybody agrees it's $2 million short of giving Starion oversecured status. Only by virtue of the other river of debt, the guarantees, the judgment, and the statutory lien does Starion become oversecured. But again, everybody agrees that there is nothing in those agreements or that statute that gives Starion a right to include attorney's fees as part of its claim. But the judgment and the liens aren't in agreement. I'm sorry, Your Honor? The judgment and the lien that creates the oversecured status is not in agreement, is it? Well, that's, of course, that's one problem. All the courts that have looked at the issue and 506B says you either have to have a right for attorney's fees in the agreement or in the statute. Every single court that's looked at this issue says the judgment and the lien it creates cannot be in agreement. We have decisions from, I can find it in my notes, Your Honor, the Tenth Circuit in Glendhill, the Fifth Circuit in Poynter, and the Sixth Circuit in Brentwood. But doesn't that cut against you? Because I think you're arguing that we should be looking to whether there's any provision for attorney's fees in the judgment and lien that creates the oversecurity. That's correct. And that's my point. Those aren't an agreement. The agreement is the guarantors and the loan documents, right? But those agreements don't create secured status. There's nothing in the guarantee. There's nothing in the confession of judgment. I agree with that. But what 506B says is to the extent you're oversecured, if there's something, if there is an agreement for attorney's fees, you can collect that. That is the fundamental issue of statutory construction. And take a look at 506B. It's interesting. It distinguishes between interest, which is just a matter of looking at what the value of your collateral is, not the nature of the agreement that creates the collateral interest. And then it goes, the final clause, to attorney's fees. And it talks about whether it's provided for, the right to attorney's fees in the agreement or statute that creates the oversecured status. Not the debt. But it creates the oversecured status. And that's where we have the problem with Starian's situation in this case. There is simply nothing in the agreement, the judgment, or the statute that creates the judgment lien that provides for Starian's right to recover attorney's fees. And that's where it can't bring itself under the provisions of 11 U.S.C. section 506B. Now, I believe that the fundamental purpose of 506B was to protect the benefit of a bargain. So if a creditor negotiated a situation where its consensual security had a value greater than the debt, its reasonable expectation was to be allowed to add attorney's fees to its claim. And that's what the Bankruptcy Code protects. But in this situation, where the oversecured status... 506B doesn't say that you had to have acquired oversecured status consensually. Well, actually... It says, if you're oversecured. Yeah. 506B, before it was amended, talked about only the agreement. And the courts have said, it simply doesn't qualify. So, Congress amended 506B and said, agreement or statute. So then the question is, is there anything in the statutes that created its oversecured status that allow it to recover attorney's fees? And Starian admits there is nothing in the statute that gave it security that allows for recovery attorney's fees. So you look at the legislative history, and you look at how the case law is interpreted, the case law is absolutely clear that under the context of agreement, which was the only provision of 506B originally, a judgment lien doesn't qualify. Okay. Congress adds statute. But then we've got to look to the language of the statute. And the statute gives Starian absolutely no defense. Again, we look at the fundamental purpose of 506B. If the creditor negotiates consensual security position that oversecures it, then it has a right to recover attorney's fees. But here, where the oversecured status is fortuitous, the creditor won the race to the courthouse. The code does not benefit that creditor to the detriment of other creditors. That improperly skews the priority among creditors, and that's not something that 506B is going to protect. We urge the bankruptcy or this court to overrule the bankruptcy court and deny Starian's claim for attorney's fees. I'd like to reserve the balance of my time for rebuttal. Very well. Thank you, Mr. Bracken. May it please the court, counsel. My name is Tim Lervick. I'm with Crowley Fleck Attorneys in Bismarck, North Dakota, representing the creditor in Apple East, Starian Bank, in this matter. I'd like to just talk about Mr. Bracken's issue with respect to the oversecured status. I don't think there's any dispute that if the property that the judgment lien attached to is considered Starian is definitely oversecured. So the issue comes down to what is the effect of those judgments. And going back to the agreements of the parties, I agree with Judge Grudner, the judgment is not an agreement. But in this case, there were 16 separate agreements that provided for attorney's fees, 14 loan documents in that, six notes, four mortgages, one loan agreement, three guarantees. And following that, there was a workout agreement. All of those were pre-petitioned, but most importantly, there was an addendum to the second amended plan that was post-petition, which also provided for attorney's fees. Now, Mr. Bracken's argument that Starian could have negotiated the payment of attorney's fees, that shows that it in fact did negotiate that in all the loan documents that were pre-petitioned, but also in the addendum to the plan. Payment of attorney's fees was negotiated here. At that point, the debtors knew that part of this claim of Starian's was secured by the judgments. One important point as far as those judgments are concerned is that it's clear and by statute in North Dakota, also by case law, that all agreements, if they relate to the same thing, must be read together. And so, the loan documents, the guarantees, the workout agreement, all of those things must be read together. The workout agreement did provide for the payment of attorney's fees. That workout agreement in turn led to the confession of judgment, which again led to the judgment. Well, the judgment liens were already filed by the time of the bankruptcy and the submission of your proof of claim. Correct. Does that timing matter? Because now, just in the proof of claim, all that's identified that would link it all to those judgment liens is the guarantees from the McCormick's. So, does that timing affect it? I don't think it does because the basis for the attorney's fees is in the agreement, but looking at that alone, Starian would not have been able to recover because there's a state law in North Dakota that prohibits collection of attorney's fees on debt instruments. The guarantees, though, don't identify any dollar amount. I mean, you've already got a dollar amount, right, in the judgment lien, and it's not listed in the proof of claim. Does that matter? That only the guarantee is listed that has already been sort of transformed into this judgment lien? Well, at that point, the amount of the attorney's fees, I take that back. I was going to say it hadn't been determined, but I don't think it does matter because the statute is the basis for the attorney's fees. Well, let me ask, maybe I'm looking for it a little bit different, as to whether it's part of the secured claim. The statute really links it to the secured claim, and so does the fact that the judgment liens have already been filed by the time you submit this and they're not mentioned, does that affect whether they're included in that secured claim? I don't believe that it does. Why not? That's a good question. Because, again, the judgments came or arose from the agreement of the parties, which started with that workout agreement. Well, independent of that sort of, but I guess the question is, is it part of the secured claim? And I think you're saying you think it is, but you're not sure how to explain why. That would be a fair assessment, Your Honor. And I guess one of the things that's important to look at is the definition of claim. And under Section 101.5, the Bankruptcy Code, claim is defined as a right to payment or a right to an equitable remedy for breach of performance if the breach gives rise to a right to payment. And whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. And so from that standpoint, the claim is the claim for attorney's fees, the claim for the debt that's owed. The claim isn't the judgment. Again, it's based on the agreements of the parties. When you say claim, are you talking about the secured claim? The secured. In the statute? Yes. So could you say that? What did you, that an allowed secured claim, what are you including  in that statement? Well, the definition of claim in the statute, which does not... Maybe I'll ask it this way. In this particular case, under the definition of 506B, what is the allowed secured claim? It is the debt that's owed plus the attorney's fees. Because again, all of those debts under the notes, under the guarantees, were secured by mortgages or by the judgments. One of the other points that has been raised is the issue of merger. And again, I would like to point out, as I did in my brief, that the language of the guarantees actually has wording that waives the defense of merger or race judicata specifically in the guarantees. And merger is an equitable remedy. It has its limits. The purpose is to promote justice. It's supposed to be extended only as necessary to further its purpose and would not be applied when to do so would create unjust or inequitable results. To ignore the 16 separate agreements that are issued here between the parties that provide for payment of attorney's fees would be unjust and inequitable, especially when there's actually an agreement that was entered into post-petition that provides for attorney's fees. This is where the BAP panel twice ruled that Starian should prevail and was entitled to its attorney's fees. But they referred to the debtors playing a game of gotcha with the language that they used in denying the claim. You've talked about a number of the agreements that do, in fact, have the attorney's fee provision in it. And then the statute talks about the allowed secured claim and then charges provided for under the agreement under which such claim arose. What particular agreement do you base your argument on for attorney's fees in this particular case to get those judgment liens into the mix? Which agreement? The workout agreement, the guarantees, the confession of judgment. And the judgment all have to be combined together. So you're saying that the separate agreements in your mind for statutory purposes are one unified agreement? Correct. One of the other issues, and Mr. Bracke didn't address it in his argument, but an issue that's been raised is to the timeliness of the submission of the claim. And under 801C of the plan that provided the submission of claim for attorney's fees was to be submitted to the debtors for their approval at least 10 days prior to the effective date of the plan. The plan further says that if the parties can't come to an agreement or resolution, the matter shall be determined by the bankruptcy court upon notice and hearing. First of all, the issue of time of the essence was not raised in the lower courts, wasn't addressed at all until the second BAP appeal. And based on that, it's our position that that issue cannot be raised for the first time on appeal and should be disregarded. But even if it were considered, there is no facts to support any finding that time would be of the essence, if that were the case. And the reason for that is the plan requires submission of the claim for attorney's fees 10 days before the plan, but then there's an open-ended time period after that for the debtors to determine whether or not that's acceptable, whether or not the parties can come to an agreement, and then if they can't, then it goes to the bankruptcy court for determination after notice and hearing. And again, that is an open-ended time period. There's nothing set in stone as to when those steps have to occur. So why would it be of the essence to have the claim submitted 10 days before the plan, but yet have open-ended time periods afterwards? That kind of defeats that argument that there is time of the essence. Based on... I see I have some time left, but I really don't have anything else to add. If there are any other questions, I would be happy to try to answer those. Hearing none, it's Starian's position that the determination of the bankruptcy panel and the court should be affirmed. Thank you. Thank you. The plan addendum is irrelevant because it allows recovery of attorney's fees only to the extent provided for under 11 U.S.C. Section 506. The concept of looking at all agreements together is novel, but it has never been applied where there is also a statute. And that brings us to the fundamental issue again. We look at all the case law that has dealt with 506B. Every single court has said, we simply don't care about the documents that create the claim. What we care about is what creates the secured status. And for example, the court in DWGK Restaurants, 84 BR 648, said that the terms of the underlying agreement, which did provide for recovery of attorney's fees, are immaterial because the security arose only out of a judgment lien. And because at that time under 506 you could only have an agreement. A judgment lien can't be an agreement. And here, even with amendment 506B, a statute, it still has to provide for recovery of attorney's fees. And that is the defect in Starian's position and the defect in the court's allowance of attorney's fees to Starian. Again, nobody contests the fact that Starian is over-secured only by virtue of the fortuity of recording its judgment liens and taking liens by virtue of those judgments. There is nothing in the judgments, there is nothing in the statute that allows Starian to recover its attorney's fees. And that is the end of the analysis I respectively submit under 506B. Again, we ask this court to reverse the bankruptcy court's determination and deny Starian all attorney's fees. Thank you. Counsel, thank you for the arguments today. It's an interesting little issue that we'll wrestle with and decide in due course.